620 P.2d 310

Brad D. ANDERSEN,
Claimant–Respondent,

v.

BRIGHAM YOUNG UNIVERSITY,
Employer, Defendant–Respondent,

and

State of Idaho, Department of Employment, Defendant–Appellant.

No. 13517.

Supreme Court of Idaho.

Dec. 5, 1980.

---

738

David H. Leroy, Atty. Gen., R. LaVar Marsh, Deputy Atty. Gen., Boise, for defendant–appellant.

Brad D. Andersen, pro se.

## PER CURIAM.

This is an appeal by defendant–appellant Department of Employment from a decision of the Industrial Commission granting unemployment benefits to claimant–respondent Andersen. We reverse.

Claimant–respondent Andersen was attending college at Brigham Young University from September 1, 1978 to April 18, 1979. During that time and until February 28, 1979, he was a part–time employee of the University in the University cafeteria. On February 28, 1979, he voluntarily quit his job because of the pressure of maintaining academic grades. At the end of the semester on April 18, 1979, claimant–respondent returned to Idaho to seek summer employment and on April 20, 1979, filed a claim for unemployment benefits.

 The sole issue presented is whether claimant–respondent was barred from un-employment benefits by the provisions of I.C. § 72–1366. Subsection (e) of that statute states that a claimant is eligible for unemployment benefits provided that "[h]is unemployment is not due to the fact that he left his employment voluntarily without 'good cause' * * *"· as defined by case law. The Commission erroneously utilized the time of application for benefits rather than the time at which the employment was terminated.

■ Here there appears no question but that claimant–respondent quit his employment voluntarily without good cause. Hence, claimant–respondent was ineligible for unemployment benefits at that time.

I.C. § 72–1366(*1*) provides that an ineligible benefit claimant "may reestablish his eligibility by having obtained bona fide work and received wages therefor in an amount of at least eight times his weekly benefit amount." Here there is no dispute but that claimant–respondent did not so reestablish his eligibility.

The decision of the Industrial Commission granting unemployment benefits to claimant–respondent is reversed and the cause remanded with directions that respondent's claim for unemployment benefits be denied. No costs allowed.